MURPHY, Circuit Judge,
dissenting.
A careful reading of the arbitrator’s award reveals that he clearly made no finding of just cause. Since the arbitrator’s order to reinstate Curtis Snow’s position at NSP drew its essence from the collective bargaining agreement, I respectfully dissent.
After NSP and the union disagreed about the appropriate discipline for Snow, they put to the arbitrator the question of whether Snow was terminated for “just cause,” and if not, what the remedy should be. The phrase “just cause” is a “term of art that defines the many unrelated, independent acts that serve as grounds for employee discipline under a collective bargaining agreement.” Am. Eagle Airlines, Inc. v. Air Line Pilots Ass’n, Int’l, 343 F.3d 401, 409 (5th Cir.2003) (citation omitted).
After conducting a hearing, the arbitrator found in the final section of his written decision, entitled “Award,” that
[t]o the extent that Mr. Snow was convicted of a serious crime that raises some very legitimate concerns on the part of Management going forward, they have demonstrated justification for their decision. At the same time however, the Union has presented convincing evidence which sets forth a number of factors that existed which ultimately favor the imposition of a penalty less than [Snow’s] dismissal.
The majority reads these two sentences as if they were separate decisions when in fact both are part of the arbitrator’s decision on the pivotal issue of just cause. See Trailmobile Trailer, LLC v. Int’l Union of Electronic, Elec., Salaried, Mach. & Furniture Workers, AFL-CIO, 223 F.3d 744, 747 (8th Cir.2000).
The majority concludes that the arbitrator’s reference to “demonstrated justification” carries more weight than he clearly intended it to serve in his arbitration decision. It has failed to read the two sentences of the award together as the arbitrator intended as shown by the limiting wording in his first sentence. The award states that management has put forward a demonstrated justification for its decision “[t]o the extent that Mr. Snow was convicted of a serious crime.” (emphasis supplied). This is not the same as a finding of “just cause” which is a key term of art in arbitration and labor management relations. See Griffith v. Fed. Labor Relations Auth., 842 F.2d 487, 498 (D.C.Cir.1988).
A natural reading of the two sentences in the arbitrator’s ultimate decision here is that while NSP had reasons for its de *904 cision to fire Snow, “[a]t the same time” however the union had presented convincing evidence that less than just cause existed for dismissing him. The parties voluntarily bargained for an arbitrator to decide issues on which they become deadlocked, see Franklin Elec. Co. v. Int’l Union, United Auto. Aerospace & Agric. Implement Workers of Am., 886 F.2d 188, 192 (8th Cir.1989), and the clarity of a lawyer’s brief is not anticipated or required in the bargain, see Breckenridge O’Fallon, Inc. v. Teamsters Union Local No. 682, 664 F.3d 1230, 1234 (8th Cir.2012).
We refuse to enforce an arbitration award only where it does not draw its essence from the collective bargaining agreement, and “in determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts resolved in favor of the arbitrator’s award.” Walsh v. Union Pac. R.R. Co., 803 F.2d 412, 414 (8th Cir.1986). A “mere ambiguity in the opinion accompanying an award, which permits the inference that The arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.” United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).
Any “mere ambiguity” created by this arbitrator’s reference in one sentence of his award to NSP’s “demonstrated justification” is insufficient to conclude that he exceeded his authority in ordering Snow reinstated. United Steelworkers, 363 U.S. at 598, 80 S.Ct. 1358. Reading the two sentences together as the arbitrator obviously intended and resolving all doubts in favor of the award, the arbitrator was “arguably construing or applying” the collective bargaining agreement and we must enforce his award. E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) (citation omitted).
NSP and the union had bargained for an arbitrator to decide whether Snow’s termination was for just cause, and we cannot substitute our views in place of those logically drawn from a close reading of the arbitrator’s award. See Breckenridge O’Fallon, 664 F.3d at 1234. NSP supplied its justification for Snow’s termination, which the arbitrator considered before determining that no just cause existed for its decision based on what he called “a number of factors” and “convincing evidence.” See Int’l Bhd. of Elec. Workers, Local Union No. 58, AFL-CIO v. Sho-Me Power Corp., 715 F.2d 1322, 1326 (8th Cir.1983).
The majority cites some inapposite cases in reaching its decision. See 187 Concourse Associates v. Fishman, 399 F.3d 524, 526 (2d Cir.2005) (per curiam) and American Eagle Airlines, 343 F.3d at 409. The arbitrator in Fishman had concluded that an employer “had no option but to terminate” the employee. 399 F.3d at 526. In American Eagle, the arbitrator found that the employer had “not only a right, but a duty to rid the workplace” of the employee’s conduct. 343 F.3d at 409. The language in those arbitral awards is different from the explanation provided by the arbitrator in the case before the court.
Here, the arbitrator discussed NSP’s attempt at “justification,” but then proceeded to point out the “convincing evidence” of “a number of factors” that led to his conclusion that no just cause existed. The arbitrator explained that the evidence included “a rush to judgment [by NSP] in the course of its investigation without taking the time to consider all relevant evidence” and “clear evidence” of disparate treatment. Not only did the arbitrator never use the bargained for term “just cause,” but such a finding for Snow’s termination cannot be inferred from the plain *905 language of the award. The arbitrator demonstrated his reasoning supporting his ultimate decision that NSP did not have just cause for firing Snow and there was “convincing evidence” that all the evidence favored the imposition of a “penalty less than [Snow’s] dismissal.”
Reading the two sentences of the award together as clearly intended by the arbitrator’s words “[a]t the same time however,” the decision cannot fairly be read to favor NSP. Since the arbitrator found that no just cause existed for Snow’s termination, he had authority to order him reinstated at NSP. The parties bargained for the arbitrator to decide their dispute, and the resulting award drew its essence from the collective bargaining agreement. United Steelworkers, 363 U.S. at 598, 80 S.Ct. 1358. The district court’s decision should therefore be reversed, and the arbitration award should be enforced.